UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GUSTAVO PERALTA CECILIO,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-814

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.6; 2026 Form I-213, ECF No. 5-1, PageID.110–111.) On or about November 23, 2013, Petitioner entered the United States without inspection near Mission, Texas. (2026 Form I-213, ECF No. 5-1, PageID.111.) Petitioner encountered Department of Homeland Security (DHS) agents and was issued a Form I-860, Notice and Order of Expedited Removal, charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an "immigrant not in possession of a valid unexpired [immigration or travel document]." (2013 Form

I-860, ECF No. 5-2, PageID.115.) On November 26, 2013, Petitioner was removed from the United States. (2026 Form I-213, ECF No. 5-1, PageID.111.)

On or about January 6, 2015, Petitioner re-entered the United States and encountered DHS agents near San Simon, Arizona. (*Id*., PageID.112; Pet., ECF No. 1, PageID.10.) DHS took Petitioner into custody and issued Petitioner a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, reinstating the 2013 order of removal. (2015 Form I-871, ECF No. 5-3, PageID.117.) Petitioner "underwent a reasonable fear interview, and the asylum officer determined that he had established a reasonable fear of persecution." (Pet., ECF No. 1, PageID.10; 2026 Form I-213, ECF No. 5-1, PageID.112.) Petitioner was then "placed into withholding-only proceedings and released after posting a bond on September 14, 2015." (Resp., ECF No. 5, PageID.71; Bond, 2015 Form I-830, ECF No. 5-4, PageID.119–120.) Thereafter, Petitioner filed an application for withholding of removal. (*See* Pet., ECF No. 1, PageID.10.) On February 13, 2020, the Immigration Judge (IJ) denied Petitioner's applications for withholding of removal. (Order of the IJ, ECF No. 5-5, PageID.122.) Petitioner timely appealed the decision to the Board of Immigration Appeals, and his appeal remains pending. (Pet., ECF No 1-2, PageID.28–29; 2026 Form I-213, ECF No. 5-1, PageID.112.)

On January 27, 2026, Petitioner was detained by ICE after a traffic stop. (Pet., ECF No. 1, PageID.11; 2026 Form I-213, ECF No. 5-1, PageID.112.) Petitioner has no criminal history. (Pet., ECF No. 1, PageID.11; 2026 Form I-213, ECF No. 5-1, PageID.112.) In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia,* issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.21–22; Br. Supp. Pet., ECF No. 2, PageID.66.)

In an order entered on March 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 19, 2026, (ECF No. 5), and Petitioner filed his reply on March 20, 2026, (ECF No. 6).

### HABEAS CORPUS LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### I.      Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-

cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## II.        Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court, however, concludes instead that 8 U.S.C. § 1231 applies to Petitioner because he is subject to a reinstated order of removal. *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021). "[R]einstated removal orders are 'administratively final.'" *Guzman Chavez*, 594 U.S. at 534. Here, Petitioner's order of removal became final on January 11, 2015, and the 90-day removal period following the order expired well before Petitioner filed the present action.[1] *See* 8 U.S.C. § 1231(a)(1)(B). Therefore, because § 1231—rather than § 1225 or § 1226—applies, Petitioner is not entitled to a bond hearing while he pursues withholding of removal. *Guzman Chavez*, 594 U.S. at 526.

Under § 1231, Petitioner's detention is not unlawful. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C.

---

[1] The Petitioner's pending appeal of the immigration judge's order denying his application for withholding of removal does not affect finality. The pendency of withholding-only proceedings does not affect the validity of a removal order. *Guzman Chavez*, 594 U.S. at 539–540 ("[T]he finality of the order of removal does not depend in any way on the outcome of the withholding-only proceedings."); *see also Riley v. Bondi*, 606 U.S. 259, 269 (2025).

4

§ 1231(a)(1)(A).  "During the removal period, the Attorney General shall detain the alien."  *Id.*

§ 1231(a)(2)(A).  8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take a person who has been ordered removed.  533 U.S. at 682.  In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal."  *Id.* at 699.  Therefore, the Court concluded that for post-removal-order detention to be authorized by the statute, the removal itself must be reasonably foreseeable.  *Id.*  The Court indicated that this inquiry would vary from case to case and that there was no specific point in time at which the detention became constitutionally impermissible.  *Id.*  Still, to assist the lower courts in making the difficult judgment calls about when the detention was no longer authorized by the statute, the Court designated six months as a "presumptively reasonable period of detention."  *Id.* at 701.  Even after six months has passed, though, the Court made clear that the alien may continue to be held unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon.  *Id.*  Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show evidence that the removal is, in fact, reasonably foreseeable.  *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that

detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner has not provided any evidence showing that his removal is not significantly likely to occur soon. In fact, both parties agree that Petitioner's has only been detained since January 27, 2026. As such, Petitioner has remained in detention for roughly 2-and-a-half months— which is well within *Zavydas*'s "presumptively reasonable period of detention." 533 U.S. at 701. Thus, at this point in time, nothing in the record indicates that Petitioner is in a state of "indefinite, perhaps permanent, detention" that the Court in *Zadvydas* said would violate the constitution. *Zadvydas*, 533 U.S. at 699; *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once Petitioner's appeals were concluded).

The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit.  "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701.  Courts applying this principle recognize that even where the Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention.  *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is no longer likely).

Here, however, the Court is not yet faced with that situation.  Petitioner's two-and-a-half-month detention, while the government actively pursues removal, is not unreasonable. At this point, it seems to the Court that Petitioner's removal remains significantly likely in the reasonably foreseeable future.  Accordingly, the petition will be denied without prejudice. Should the

Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable.

### CONCLUSION

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   April 14, 2026                              /s/ Robert J. Jonker
                                                     Robert J. Jonker
                                                     United States District Judge